UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
SEP 13 2017
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

GEORGE BLAY,

Plaintiff,

v.

Case No. 16-13435
Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation. **[Doc. No. 17]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 18 and 19]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's finding that Plaintiff did not have a severe mental impairment. Plaintiff contends that limited consideration of his mental impairments requires remand of the case because his mental health disorders do constitute a severe impairment requiring a finding of disability. As Plaintiff argues, the ALJ did not consider any of Plaintiff's mental impairments severe, and the ALJ only specified Plaintiff's cognitive disorder and depression at step two. When rendering the decision denying benefits, however, the ALJ did not consider only Plaintiff's cognitive disorder and depression. The ALJ noted Plaintiff's diagnoses of general anxiety and personality disorders when concluding that Plaintiff's mental impairments are non-severe because the "mental impairments do not have more than a minimal effect on his ability to engage in basic work activities." [Dkt. No. 11, PgID 57-58]

Plaintiff argues that the GAF scores of 50 that were consistently assigned reflect that the ALJ "minimized the severity of [Plaintiff's] symptoms and failed to provide good reasons for assigning limited weight to a treating doctor's opinion." Citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 529-30 n.6 (6th Cir. 2014). The well-established law does not require adoption of Plaintiff's argument regarding the GAF scores assigned to Plaintiff. First, as the Sixth Circuit has consistently recognized, there is no authority requiring an "ALJ to put stock in a GAF score in the first place." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006). *See also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 835,-36 (6th Cir. 2016) ("GAF scores are 'not raw medical data' and "the Commissioner has declined to endorse the [GAF] scores for use in Social Security benefits programs") (citations and internal quotations omitted)). Second, a GAF score of 50 "reflects the assessor's opinion that the subject has serious symptoms *or* serious impairment of social or occupational functioning." *Kornecky*, 167 F. App'x at 511. Accordingly, the GAF score may suggest one's symptoms or his impairment.

As the *Miller* court indicated, the Court must consider the GAF scores in light of the record and determine whether the "ALJ's decision was . . . . supported by substantial evidence." *Id.* at 836. The medical record evidence in this case reveals that, although the GAF score assigned to Plaintiff remained consistent,

Plaintiff's mental health did improve with treatment. As set forth in the Report and Recommendation:

> [Plaintiff] began receiving psychiatric care at Development Centers, Inc., with Barbara M. Kilian, M.D., in November 2014. [ECF No. 11-8, 387-92]. He reported a severely depressed mood, crying spells, low energy, low motivation, irritability, and low self-esteem, but denied any suicidal or homicidal ideas. [*Id.*]. Dr. Kilian found that he had good grooming, hygiene, a full and anxious affect, an intact thought process, good concentration, and good judgment, and was cooperative and depressed. [*Id.*]. She found Blay to have a Global Assessment of Functioning (GAF) score of 50,3 and recommended that Blay undergo individual therapy and medical treatment. [*Id.*]. By January 2015, Blay reported that his mood and anxiety had improved, but he was still depressed, and Dr. Kilian increased his Lexapro and added Wellbutrin. [*Id.*, Tr. 436-37]. In March and May 2015, Blay reported a depressed mood, low energy and isolative behavior, and Dr. Kilian increased his Wellbutrin in March. [*Id.*, Tr. 426-29, 430-34]. She continued to score Blay's GAF at 50. [*Id.*]. By June 2015, Blay reported occasions of less intense depression and an improved energy level, and Dr. Kilian found him to be more stable, to have an improved mood and brighter affect, and a GAF that remained at 50. [*Id.*, Tr. 420-24]. In August 2015, Dr. Kilian again reported Blay to be stable with an improved mood, and to have a GAF of 50. [*Id.*, Tr. 412-19]. This is substantial evidence in support of the ALJ's decision that Blay's mental impairments improved with treatment.

[Dkt. No. 17, PgID 771-72]

The Court finds that the ALJ reasonably <u>could</u> have allocated different weight to the opinions of the medical sources, but the Court is not persuaded that the ALJ: (a) failed to give appropriate weight to the opinions of Dr. Kilian and Terrance C. Mills, Ph.D.; or (b) was unjustified in assigning the weight he did to

4

the opinion of Dyan Hampton-Aytch, Ph.D. As the ALJ explained, the basis for giving more weight to the opinion of Dr. Hampton-Aytch was that: (a) Plaintiff's mental health generally had improved with treatment (including psychotropic medications) over the course of 2014-2015; and (b) Plaintiff reported in 2015 that he was not feeling depressed or anxious and no longer attended counseling. The Court finds such evidence to be significant in making a determination of the severity of Plaintiff's mental impairments.

Plaintiff indicates that evidence of improvement with treatment is meaningless if the improvement does not reach a level where the impairment ceases to be severe. The evidence Plaintiff cites to support his statement is a March 2016 RFC statement from Dr. Kilian he submitted for review. But, because that RFC statement was submitted after the ALJ decision and the Appeals Council declined to review the ALJ's decision, the Court cannot consider it. *See, e.g., Elliott v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002) (a court "cannot consider evidence not presented to the ALJ" if the Appeals Council does not hear the appeal).

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally

erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Anthony P. Patti **[Doc. No. 17, filed July 31, 2017]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 18, filed August 14, 2017]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 14, filed December 28, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 16, filed February 27, 2017]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

DATED: September 13, 2017

DENISE PAGE HOOD
United States District Judge